**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Rosalinda Obregon-Mejia, Miguel Diaz-Duran, et al,
Defendants,

v.

Dulce Navarrete, Third-Party Intervenor,

and

Jane Doe and John Doe, Fourth-Party Intervenors,

Of whom Rosalinda Obregon-Mejia is the Appellant.

In the interest of minors under the age of eighteen.

Appellate Case No. 2017-002073

Appeal From Anderson County
Karen F. Ballenger, Family Court Judge

Unpublished Opinion No. 2018-UP-460
Submitted November 6, 2018 – Filed December 6, 2018

**AFFIRMED**

Edgar Michael Pinilla, of Pinilla Law Firm, LLC, of Columbia, for Appellant.

William E. Phillips, of Anderson, as Guardian ad Litem for Appellant.

Kathleen J. Hodges, of Anderson, for South Carolina Department of Social Services.

John Marshall Swails, Jr., of Greenville, for the Guardian ad Litem for the minor children.

**PER CURIAM:** Rosalinda Obregon-Mejia (Mother) appeals an order terminating her parental rights to her minor children, Child 1 and Child 2. On appeal, Mother argues the family court erred in (1) admitting drug test results without a proper foundation, (2) not requesting expert testimony about the drug test results and relying too heavily on them, and (3) finding clear and convincing evidence showed her home could not be made safe within twelve months. We affirm.

On appeal from the family court, this court reviews factual and legal issues de novo. *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011); *Lewis v. Lewis*, 392 S.C. 381, 386, 709 S.E.2d 650, 652 (2011). Although this court reviews the family court's findings de novo, we are not required to ignore the fact that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony. *Lewis*, 392 S.C. at 385, 709 S.E.2d at 651-52.

Mother's arguments all pertain to the statutory ground of severe or repetitious harm. *See* S.C. Code Ann. § 63-7-2570 (Supp. 2018) (providing a statutory ground for termination of parental rights (TPR) is met when "[t]he child or another child while residing in the parent's domicile has been harmed . . . , and because of the severity or repetition of the abuse or neglect, it is not reasonably likely that the home can be made safe within twelve months"); S.C. Code Ann. § 63-7-20(6)(a)(i) (Supp. 2018) ("'Child abuse or neglect' or 'harm' occurs when . . . the parent . . . engages in acts or omissions which present a substantial risk of physical or mental injury to the child . . . ."). However, the family court also found the children were

in foster care for fifteen of the most recent twenty-two months, and clear and convincing evidence supports this ground. *See* § 63-7-2570(8) (providing a statutory ground for TPR is met when "[t]he child has been in foster care under the responsibility of the State for fifteen of the most recent twenty-two months"). The children were placed in foster care in September 2014 and remained in foster care continuously through the end of the August 2017 TPR hearing—a period of nearly three years. Further, the Department of Social Services (DSS) did not cause the delay in reunification; rather, it was caused by Mother's incarceration, which prevented her from providing a suitable home for the children. Because this ground is met by clear and convincing evidence, we decline to address Mother's remaining arguments, which relate to the statutory ground of severe or repetitious harm. *See* § 63-7-2570 (providing the family court may order TPR upon finding "one or more" of the statutory grounds for TPR and that TPR is in the child's best interest); *S.C. Dep't of Soc. Servs. v. Robin Headden*, 354 S.C. 602, 613, 582 S.E.2d 419, 425 (2003) (declining to address an argument related to a statutory ground when clear and convincing evidence supported another statutory ground).

Additionally, we find TPR is in the children's best interest.[1] *See S.C. Dep't of Soc. Servs. v. Smith*, 343 S.C. 129, 133, 538 S.E.2d 285, 287 (Ct. App. 2000) (providing the best interest of the children is the paramount consideration in a TPR case); S.C. Code Ann. § 63-7-2620 (2010) ("The interests of the child shall prevail if the child's interest and the parental rights conflict."); *S.C. Dep't of Soc. Servs. v. Sarah W.*, 402 S.C. 324, 343, 741 S.E.2d 739, 749-50 (2013) ("Appellate courts must consider the child's perspective, and not the parent's, as the primary concern when determining whether TPR is appropriate."). At the time of the TPR hearing, the children had been in foster care for nearly three years and Mother was still incarcerated on federal drug charges. We acknowledge Mother completed parenting classes and attempted to attend drug treatment while she was incarcerated; however, she was still incarcerated at the time of the TPR hearing and did not expect to be released for seven or eight months. Although Mother may be out of prison now, she had not completed drug treatment at the time of the TPR hearing; thus, it is questionable whether she can provide a suitable home for the children in the foreseeable future. Additionally, the children did not have a meaningful bond with Mother. Child 1 was one year old when he was removed,

---

[1] Although Mother did not appeal this finding by the family court, we address it because it concerns the rights of minor children. *See Ex parte Roper,* 254 S.C. 558, 563, 176 S.E.2d 175, 177 (1970) ("[W]here the rights and best interests of a minor child are concerned, the court may appropriately raise, ex mero motu, issues not raised by the parties.").

Child 2 was removed at birth, and Mother did not have contact with them after their removal despite being able to send letters. Thus, there is not a significant bond that supports maintaining Mother's parental rights. Finally, the children's foster parents and paternal aunt both expressed an interest in adopting them; thus, it appears the children will be adopted if TPR is affirmed.[2] Although Mother advocated for relative placement, TPR and adoption is in the children's best interest under these facts because it is a more permanent solution. *See* S.C. Code Ann. § 63-7-2510 (2010) ("The purpose of [the TPR statute] is to establish procedures for the reasonable and compassionate [TPR] where children are abused, neglected, or abandoned in order to protect the health and welfare of these children and make them eligible for adoption . . . ."); *S.C. Dep't of Soc. Servs. v. Smith*, 423 S.C. 60, 86, 814 S.E.2d 148, 161 (2018) (finding TPR rather than relative placement was in the child's best interest when the "[f]oster [p]arents and [g]randmother want[ed] to adopt [the child] and would provide her with permanency and stability as compared to [her father]"); *id*. at 92-93, 814 S.E.2d at 165 ("Section 63-7-1700(G) [of the South Carolina Code] (Supp. 2017) requires DSS to 'assess[] the viability of adoption' and to 'demonstrate[] that [TPR] is not in the child's best interests' before the family court can award 'custody or legal guardianship, or both, to a suitable, fit, and willing relative or nonrelative.'" (alterations in *Smith*)). Thus, we find TPR is in the children's best interest.

**AFFIRMED.**[3]

**HUFF, SHORT, and WILLIAMS, JJ., concur.**

---

[2] We make no finding as to *who* should adopt the children, as that issue is not before this court.

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.